PER CURIAM.
M.M., a juvenile, appeals a final order of adjudication and disposition entered on August 10, 2009, adjudicating him delinquent of the offenses of grand theft of a firearm and dealing in stolen property. M.M. argues, and the State concedes, that the trial court erred in finding him delinquent for both grand theft and dealing in stolen property arising from the same *798 course of conduct involving the same item (two firearms). We agree.
The trial court was prohibited from finding the appellant delinquent for both grand theft and dealing in stolen property in the instant case. Section 812.025, Florida Statutes (2009), provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
See also C.E.C. v. State, 884 So.2d 421 (Fla. 1st DCA 2004). Accordingly, the adjudication of delinquency for grand theft is reversed and the case is remanded for further proceedings consistent with this opinion.
WEBSTER, LEWIS, and ROBERTS, JJ., concur.